### REDHEAD v. DUNBAR & SULLIVAN DREDGING CO.

(Supreme Court, Appellate Division, Third Department.   November 14, 1906.)

1. EVIDENCE—SUBJECTS OF EXPERT TESTIMONY—CONSTRUCTION OF MACHINERY.
   An expert may testify as to the usual way in which a counterpoise is placed on a movable steam derrick, so constructed and operated that a counterpoise is necessary to maintain it on its base and prevent it from tipping over when operated.
   · [Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 2317, 2318.]

2. MASTER AND SERVANT—INJURY TO SERVANT—COMPLAINT—FREEDOM FROM CONTRIBUTORY NEGLIGENCE.
   A complaint in an action for injuries to an employé in consequence of defective machinery, which alleges that the facts were all and each without any fault or negligence on the part of the employé sufficiently alleges the employé's freedom from negligence under Employers' Liability

Act, Laws 1902, p. 1748, c. 600, regulating the liability of employers for injuries suffered by employés.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 850.]

3. SAME—CONTRIBUTORY NEGLIGENCE.

An employé, injured while operating a movable steam derrick, in consequence of it partially overturning, is not as a matter of law guilty of negligence because he left the place where he was at work and tried to ascertain what was the matter, or sought a place of safety after the derrick had begun to tip.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 789, 790, 791.]

Appeal from Trial Term.

Action by William Redhead against the Dunbar & Sullivan Dredging Company. From a judgment of nonsuit, plaintiff appeals. Reversed, and new trial ordered.

Upon a trial before the court and a jury the plaintiff was nonsuited, and he appeals from the judgment rendered thereon. Plaintiff, as defendant's servant, was operating a movable steam derrick, which, while being operated in the ordinary manner, partially overturned and injured the plaintiff, for which he seeks to recover damages. The construction and operation of the derrick was such that a counterpoise was necessary to maintain it on its base and prevent it from tipping over when it worked. The evidence tended to show that, by placing the counterpoise 20 or 30 feet above the point of support of the machine, it had a tendency to render the machine unstable and cause it to tip over.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Charles I. Webster, for appellant.
Murray Downs, for respondent.

JOHN M. KELLOGG, J. The plaintiff's exception to the refusal of the court to allow an expert to testify as to the usual way in which a counterpoise is placed upon such a machine was well taken. The evidence in the case tended to show the defendant negligent in the manner in which the counterpoise was placed.

As there is to be a new trial, we will refer to two other matters which came up on the trial. The allegation in the complaint that the facts were all and each without any fault or negligence on the part of the plaintiff is a sufficient allegation of the plaintiff's freedom from negligence under the employers' liability act (chapter 600, p. 1748, Laws of 1902).

It cannot be said, as a matter of law, that after the dredge began to tip, and the plaintiff saw that an emergency had arisen, that he was negligent in leaving the place where he was at work and trying to ascertain what was the matter, or to seek a place of safety.

The judgment is therefore reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.